UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------  X

MAYUMI WATSON,

                                            Plaintiff,

                                  **v.**

THE CITY OF NEW YORK and THE NEW YORK

CITY POLICE DEPARTMENT,

                                    Defendants.

------------------------------------------------------------------------  X

                               :
                               **CASE NUMBER:**

                               :
                               **COMPLAINT**

                               :
                               **PLAINTIFF DEMANDS**

                               :
                               **TRIAL BY JURY**

                               :

       Plaintiff Mayumi Watson, by her attorney, New York Center for Law and Justice,

complains of the Defendants and alleges as follows:

**PRELIMINARY STATEMENT**

       1.       This is an action for injunctive relief and money damages against THE CITY OF

NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT, (at all times herein

mentioned THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT

shall include their agents, servants and employees) for violations of Plaintiff's rights, including

under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, the

New York State Human Rights Law and the New York City Human Rights Law.  Plaintiff seeks

injunctive relief, compensatory and punitive damages, attorney fees, and such other and further

relief as this court may deem just and proper.

2.      Plaintiff Mayumi Watson, who is deaf, relies on American Sign Language to communicate with others. Mayumi Watson suffered emotional and mental anguish and physical distress as she was denied effective communication with Defendants because of Defendants' failure to provide her with qualified sign language interpreter services.

## PARTIES

3.      Plaintiff Mayumi Watson is a resident of Bronx County, State of New York. Mayumi Watson is profoundly deaf and communicates through American Sign Language ("ASL").

4.      The defendant CITY OF NEW YORK is a municipal corporation within the State of New York.  At all times relevant hereto, the defendant NEW YORK CITY POLICE DEPARTMENT was an agency of the City of New York.

## JURISDICTION AND VENUE

5.      This action is brought pursuant to Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law and the New York City Human Rights Law.  This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 and the aforementioned statutory provisions, inasmuch as federal questions are at issue.  Plaintiff further invokes the pendent jurisdiction of this Court to consider claims arising under New York State law and New York City law, pursuant to 28 U.S.C. § 1367, as the claims are so related to the Federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

6.      This Court has personal jurisdiction over Defendants because Defendants reside in this district.

7.      Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district.

**FACTS**

8.      At all times material herein, Plaintiff Mayumi Watson was deaf and her primary language was and remains sign language.

9.      Plaintiff Mayumi Watson was arrested on July 28, 2014.

10.     Mayumi Watson was taken into the custody of the 114th Precinct in Astoria, Queens.

11.     The police officers were employed by the New York City Police Department.

12.     Mayumi Watson requested an ASL interpreter.

13.     There was no ASL interpreter provided to enable effective communication between Mayumi Watson and the Police Officers.

14.     The Police Officers handcuffed Mayumi Watson's hands behind her back.

15.     Mayumi Watson hands were handcuffed behind her, preventing her from communicating with her hands.

16.     Mayumi Watson was transported from the 114th Precinct to a holding cell in the basement of a courthouse.

17.     Before going to the courthouse, Mayumi Watson had her booking photograph and fingerprints taken.

18.     Mayumi Watson remained in jail in the courthouse from July 28, 2014 until July 31, 2014.

19.     Mayumi Watson was in jail for four days and three nights.

3

20.     Mayumi Watson was held in a cell with other individuals.

21.     Mayumi Watson continued to request an ASL interpreter.

22.     An ASL interpreter was never provided to Mayumi Watson while she was in jail.

23.     While in jail, Mayumi Watson was not able to find out who was taking care of her children.

24.     Mayumi Watson did not have any visitors visit while in jail.

25.     During the four days and three nights that Mayumi Watson spent in jail, she never had access to effective communication because of Defendants' failure to provide an ASL interpreter.

26.     The denial of effective communication caused Mayumi Watson emotional and mental anguish and physical distress.


27.     The aforesaid acts were all in violation of the Plaintiff's statutory rights. Plaintiff alleges that the CITY OF NEW YORK and the NEW YORK CITY POLICE DEPARTMENT are liable for violations of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, The New York State Human Rights Law and the New York City Human Rights Law


**FIRST CLAIM FOR RELIEF**

**Discrimination on the Basis of a disability in**
**Violation of the Rehabilitation Act**
**(29 U.S.C. § 794 et. seq.)**

28.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

4

29.     The purpose of the Rehabilitation Act is to ensure that no "qualified individual with a disability in the United States ... shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794(a).

30.     At all times relevant to this action, the Rehabilitation Act, 29 U.S.C. § 794 et seq., was in full force and effect and applied to the Defendants' conduct.

31.     Defendants receive Federal financial assistance within the meaning of the Rehabilitation Act.  29 U.S.C. § 794(a).

32.     The Department of Health and Human Services regulations implementing the Rehabilitation Act clarify the requirements for Federal financial recipients, such as Defendants, stating that "[a] recipient . . . that employs fifteen or more persons shall provide appropriate auxiliary aids to persons with impaired sensory ... or speaking skills, where necessary to afford such persons an equal opportunity to benefit from the service in question."  45 C.F.R § 84.52(d)(1).

33.     Appropriate auxiliary aids include, but are not limited to, interpreters.  45 C.F.R. § 84.52(d)(3).

34.     Plaintiff Mayumi Watson is a qualified individual with a disability within the meaning of the Rehabilitation Act.  29 U.S.C. § 705(9)(B); 42 U.S.C. 12102.

35.     Defendants failed to comply with the Rehabilitation Act by refusing to provide qualified American Sign Language interpreters to the Plaintiff.

36.     Defendants, despite consistent and repeated requests by Plaintiff, refused to provide American Sign Language during Watson's interaction with police, arrest, and

5

imprisonment. As such, Mayumi Watson's ability to communicate with Defendants was significantly restricted; she was excluded from discussions and decisions relating to her arrest and imprisonment; and access to effective communication would have directly benefitted the Plaintiff.

37.     As a proximate cause of Defendants' violations of Mayumi Watson's rights under the Rehabilitation Act, Plaintiff has suffered discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges and property.

38.     Defendants' failure to comply with the Rehabilitation Act has resulted in harm to the Plaintiff.

39.     As a result of Defendants' breaches of law, Plaintiff suffered emotional pain and severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendants' violations of Rehabilitation Act.

<u>SECOND CLAIM FOR RELIEF</u>

**Discrimination on the basis of a disability in Violation of
Title II of the Americans with Disabilities Act of 1990
(42 U.S.C. § 12131 et seq.)**

40.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

41.     On July 12, 1990 Congress enacted the Americans with Disabilities Act ("ADA") "to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities."  42 U.S.C. § 12101(b)(1).

6

42.     At all times relevant to this action, the ADA was in full force and effect in the United States and Mayumi Watson had a right not to be subjected to discrimination on the basis of her disability by Defendants.  42 U.S.C. § 12182.

43.     Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

44.     The ADA defines a public entity as "any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ."  42 U.S.C. § 12131(1)(A), (B).

45.     Defendants are public entities within the meaning of 42 U.S.C. § 12131(1) because the CITY OF NEW YORK is a local government.  THE NEW YORK CITY POLICE DEPARTMENT is a department of the City of New York.

46.     The ADA defines a disability as "a physical . . . impairment that substantially limits one or more major life activities of such individual."  42 U.S.C. § 12102(1)(A).  Major life activities include hearing and speaking.  42 U.S.C. § 12102(2)(A).

47.     Plaintiff Mayumi Watson is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2).

48.     Defendants subjected Mayumi Watson to discrimination based upon her disability in violation of Plaintiff's rights under Title II of the ADA.  Defendants repeatedly failed to provide Mayumi Watson with qualified interpreters on numerous occasions while she was under arrest and imprisoned.  Defendants failed to ensure that Mayumi Watson was not excluded,

7

denied services, or otherwise treated differently than other individuals as required by 42 U.S.C. § 12132.

49.     Defendants discriminated against Plaintiff when they failed to provide Mayumi Watson with a qualified sign language interpreter during her arrest and throughout her imprisonment.

50.     Defendants treated Mayumi Watson differently than hearing individuals by not providing the necessary American Sign Language interpreter services that would have enabled Mayumi Watson to effectively communicate with police officers.

51.     Defendants' violations of Plaintiff's rights under Title II of the ADA have proximately caused Plaintiff to suffer discrimination, unequal treatment, exclusion, violations of her rights under the laws of the United States, loss of dignity, frustration, humiliation, emotional pain and suffering, anxiety, embarrassment, and unnecessary loss of rights, privileges, and property.

52.     As a result of Defendants' actions, omissions and breaches of law, Plaintiff demands attorney's fees and injunctive relief, as outlined below.

**THIRD CLAIM FOR RELIEF**
**(NEW YORK CITY HUMAN RIGHTS LAW, N.Y.C. ADMIN. CODE § 8-101 ET SEQ.)**

53.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

54.     Plaintiff Mayumi Watson has a "disability" as defined in New York City Human Rights Law, Sec. 8-102 (16)(a), in that she is deaf.

55.     The police precinct is a "place(s) or provider(s) of public accommodation" within the meaning of New York City Human Rights Law, Sec. 8-102 (9). These "governmental bodies or agencies" are also "covered entit[ies]," in that they are prohibited from engaging in unlawful discriminatory practices.  New York City Human Rights Law § 8–102 (1), (17).

56.     Providing a qualified American Sign Language interpreter in order to allow deaf individuals to communicate with governmental bodies and New York City Police Officers when such individuals are questioned, arrested, or imprisoned is a "reasonable accommodation" within the meaning of New York City Human Rights Law, Sec. 8-102 (18).

57.     Defendants discriminated against Plaintiff Mayumi Watson on the basis of her disability and failed to make a "reasonable accommodation" for Plaintiff Mayumi Watson's disability when they failed to provide Plaintiff Mayumi Watson with a qualified American Sign Language during her arrest and throughout the time that she was imprisoned. New York City Human Rights Law, Sec. 8-107 (4), (15).

58.     As a result of the Defendants' actions in violation of New York City Human Rights law, Plaintiff was damaged and injured.

59.     Plaintiff was caused to suffer as a consequence of Defendants failure to provide reasonable accommodations such as qualified interpreters. Defendants have wantonly, recklessly and maliciously acted with disregard for the rights and well being of Plaintiff and Plaintiff is thereby entitled to punitive damages.

60.     By reason of the foregoing, as a result of Defendants' breaches of law, Plaintiff suffered emotional pain and severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to Defendants' violations of NYCHRL.

61.     Plaintiff also requests punitive damages, attorney's fees, as well as injunctive relief.

### FOURTH  CLAIM FOR RELIEF
### (NEW YORK STATE HUMAN RIGHTS LAW, N.Y. EXEC. LAW § 292)

62.     Plaintiff re-alleges and incorporates by reference each and every allegation above as if fully set forth herein.

63.     Plaintiff Mayumi Watson has a "disability" as defined in New York State Human Rights Law Section 292 (21), in that she is deaf.

64.     The New York City Police Department's precinct is a "place(s) of public accommodation" within the meaning of NY State Human Rights Law Section 292 (11), as it is a "place" plainly "included in the meaning of such terms." NY State Human Rights Law Section 292 (9).

65.     Defendant THE CITY OF NEW YORK and police officers are the "proprietor, manager, agent or employee" of the police precinct. NY State Human Rights Law § 296 (2)(a).

66.     Defendants discriminated against Plaintiff Mayumi Watson based on her disability by refusing, withholding and denying to her "the accommodations, advantages, facilities or privileges" afforded to hearing and other non-disabled individuals by failing to provide Plaintiff with qualified American Sign Language interpreters "to the effect that . . . the accommodations, advantages, facilities and privileges" afforded to hearing individuals who are arrested, questioned and imprisoned by Defendants were "withheld [from and] denied" to Plaintiff.  NY State Human Rights Law § 296 (2)(a).

10

67.     Defendants discriminated against Plaintiff based on her disability and failed to make "reasonable accommodations" for her disability. NY State Human Rights Law § 292 (21).

68.     Defendants' failure to comply with New York State Human Rights Law has resulted in harm to Plaintiff. This harm will continue unless and until Defendants are ordered by this Court to make reasonable modifications to their policies, practices, and procedures. As a result of Defendants' breaches of law, Plaintiff suffered emotional pain and severe emotional distress and damages in the past, and continues to suffer emotional distress and damages due to defendants' violations of NYSHRL.

69.     Plaintiff also requests punitive damages, attorney's fees and injunctive relief.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff demands the following relief jointly and severally against all Defendants:

(1)     On the FIRST CLAIM FOR RELIEF, against the Defendants, punitive, and compensatory damages, along with attorney's fees;

(2)     On the SECOND CLAIM FOR RELIEF, against the Defendants, injunctive relief as outlined below, along with attorney's fees;

(3)     On the THIRD CLAIM FOR RELIEF, against the Defendants, injunctive, punitive, and compensatory damages, along with attorney's fees;

(4)     On the FOURTH CLAIM FOR RELIEF, against the Defendants, injunctive, punitive, and compensatory damages, along with attorney's fees;

11

(5)      Entry of such declaratory and injunctive relief under Title II of the ADA, Section

504 of the Rehabilitation Act, New York State Human Rights Law and New York City Human

Rights Law, against Defendants and in favor of Plaintiff to remedy past violations of the laws of

the United States and New York State and New York City and to prevent future violations of the

same, including making available to deaf and hard of hearing individuals

- qualified interpreters;
- auxiliary aids and services;
- displays in each police precinct and jail indicating availability of ASL interpreters;
- changes in policy and procedure to ensure compliance with the law; and
- implementation of means of monitoring and reporting non-compliance with the Court's instructions; and

(6)      For such other and further relief as this Court deems just and proper, together with

costs, disbursements, and reasonable attorney's fees.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury

as to each and every claim for which he is so entitled.


Dated: July 25, 2017
          New York, New York


                                        Respectfully submitted,



                                        By:   /s/Bruce J. Gitlin


                                              _____

12

Bruce J. Gitlin


NEW YORK CENTER FOR LAW AND
JUSTICE, INC.

2095 Broadway

Suite 411

New York, NY 10023

(212) 757-2800

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------  X

MAYUMI WATSON,

                                                 :

                              Plaintiff,

                                                 :

          **v.**

                                                   :

THE CITY OF NEW YORK, and THE NEW YORK

CITY POLICE DEPARTMENT,                     :

                              Defendants.               :

-------------------------------------------------------------------------  X

---

## COMPLAINT

---

NEW YORK CENTER FOR LAW AND JUSTICE
Attorneys for Plaintiff
Office and P.O. Address
2095 Broadway
Suite 411
New York, NY 10023
(212) 757-2800